CONBOY, J.,
concurring specially. Although I join the court’s opinion in this case, I write separately regarding Larry’s final arguments that he was entitled to court-appointed counsel during the abuse and neglect proceedings. We conclude that because Larry failed to appeal the superior court’s dispositional order, he is precluded from raising those arguments in this termination of parental rights case. I acknowledge this court’s decision in In re C.M., 163 N.H. 768 (2012) — that due process does not require the appointment of counsel for an indigent parent in every case involving allegations of abuse and neglect. In re C.M., 163 N.H. at 770, 777. However, for the reasons stated in my dissent in that case, I continue to believe that the New Hampshire Constitution requires the appointment of counsel in every such proceeding. Id. at 781-90 (Conboy, J., dissenting). Larry’s failure to file a self-represented appeal from the superior court’s final dispositional order is precisely why indigent parents should have legal representation in abuse and neglect proceedings without having to demonstrate particular circumstances warranting appointment of counsel: An unrepresented indigent parent could reasonably conclude that an abuse and neglect proceeding is simply part of a continuum of proceedings that end with termination of parental rights. See id. at 785 (Conboy, J., dissenting). Indeed, given that an initial petition alleging abuse and neglect often sets in motion a series of hearings that may ultimately result in termination of parental rights, it is doubtful that an unrepresented parent would appreciate that the two proceedings are separate cases and that issues from the abuse and neglect case cannot be deferred to an appeal from an order terminating his or her parental rights.
In light of the fact that the legislature reinstated the statutory right to counsel for indigent parents alleged to have abused or neglected their children only two years after having abolished the right, see Laws 2013, 144:60; Laws 2011, 224:77, it is unlikely that this situation will arise in another case. Unfortunately here, although Larry was represented by counsel during the termination of parental rights case, his counsel could not revive appealable issues from the abuse and neglect case, including the issues relating to the superior court’s denial of his request for appointed counsel.